JMC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 SEP -5 AM 9:21
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **Roberto FLORES-Guzman,** Defendant | Magistrate Docket No. '08 MJ 2730<br>COMPLAINT FOR VIOLATION OF:<br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the United States |

The undersigned complainant, being duly sworn, states:

On or about **September 4, 2008** within the Southern District of California, defendant, **Roberto FLORES-Guzman,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Dwain R. Holmes Jr.
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **SEPTEMBER 2008.**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

09-04-08

JML

**CONTINUATION OF COMPLAINT:**
**Roberto FLORES-Guzman**

## PROBABLE CAUSE STATEMENT

On September 04, 2008, Border Patrol Agent J. Melendrez was assigned patrol duties, in the Campo Border Patrol Station's area of responsibility. At approximately 2:00 a.m., Agent Melendrez responded to a seismic sensor activation and an infrared scope call on Tierra Del Sol and the 5 mile marker. This area is located approximately 18 miles east of the Tecate, California Port of Entry and approximately less than one mile north of the U.S./Mexico International Boundary.

Upon arrival in the approximate area where the scope operator had seen several individuals, Agent Melendrez encountered several footprints along a trail frequented by undocumented aliens attempting to further their entrance into the United States. Agent Melendrez followed the footprints and encountered eight individuals attempting to conceal themselves in the surrounding brush. Agent Melendrez immediately identified himself as a United States Border Patrol Agent and began to question each individual as to his or her immigration status. Each individual, including one later identified as the defendant **Roberto FLORES-Guzman**, admitted to being citizens and nationals of Mexico and did not possess any immigration documents that would allow them to be in the United States legally. At approximately 2:30 a.m., all eight individuals, including FLORES, were arrested and transported to the Border Patrol Station in Campo, California for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **May 30, 2008** through **Del Rio Texas.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

FLORES was advised of his Miranda rights and stated that he understood his rights and was willing to answer questions without a lawyer present. When FLORES admitted that he is a citizen and national of Mexico and does not possess the proper documents to enter or remain in the United States legally. FLORES further admitted that he has previously been ordered deported and has never applied for permission to re-enter the United States prior to his entry.